UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZETTE M. LENNON,

    Plaintiff,

v.                                                  Case No: 8:22-cv-1209-JSM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Suzette M. Lennon seeks judicial review of the denial of her claims for a period of disability and disability insurance benefits. As the Administrative Law Judge's (ALJ) decision was not based on substantial evidence and proper legal standards, the undersigned recommends that the decision be reversed and remanded.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for a period of disability and disability insurance benefits on March 27, 2020. (Tr. 24, 82, 103.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 100–02, 125–27.) Plaintiff then requested an administrative hearing. (Tr. 151–52.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 55–81.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and

accordingly denied Plaintiff's claims for benefits. (Tr. 10.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g).

      **B.**      **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1961, claimed disability beginning on July 2, 2018. (Tr. 57.) Plaintiff has at least a high school education and past relevant work experience as a front desk receptionist, medical biller/coder, and retail salesperson. (Tr. 23, 239, 255.) Plaintiff alleged disability due to sleep apnea, fibromyalgia, osteoarthritis, trigger thumb both hands, high blood pressure, auto immune issues, and no cartilage in toes - surgery. (Tr. 238, 295.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since July 2, 2018, the alleged onset date. (Tr. 12.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: lumbar spondylosis and degenerative listhesis, without stenosis or impingement; fibromyalgia, also assessed as undifferentiated connective tissue disorder, also assessed as chronic pain syndrome; osteoarthritis of the hands; hypertension; right knee arthritis; sleep apnea; hepatic steatosis; asthma; and obesity. (Tr. 12.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R.

Part 404, Subpart P, Appendix 1. (Tr. 15.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally lift 20 pounds, and frequently lift and carry up to 10 pounds; stand or walk up to 6 hours, and sit up to 6 hours, in an 8-hour workday with normal and customary breaks; should avoid climbing ladders, ropes and scaffolds; can occasionally climb ramps and a flight of stairs; can occasionally balance, stoop, kneel, crouch and crawl; should avoid concentrated exposure to pulmonary irritants and even moderate exposure to workplace hazards; and any continuous standing and/or walking, if required, is limited to 30-minutes at one time, with the option to sit for the same amount of time.

(Tr. 16.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully consistent with the medical and other record evidence. (Tr. 17.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could perform her past relevant work as a front desk receptionist and medical biller/coder as generally performed and as she performed them. (Tr. 22–24, 75–77.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 24.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

The Social Security Administration (SSA), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the

claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to properly weigh the opinions of Dr. Samuel Quartermaine; (2) the ALJ failed to find Plaintiff's mental impairments severe and include limitations in the RFC; (3) the ALJ erred in finding Plaintiff capable of performing her past work; and (4) the ALJ erred in failing to account for Plaintiff's absenteeism from work due to medical treatment. (Dkt. 13.)

For the reasons that follow, the undersigned finds that the ALJ committed reversible error by failing to properly evaluate the opinions of Dr. Quartermaine pursuant to controlling SSA regulations. Because the undersigned recommends that the ALJ's decision be reversed and remanded on this basis, and because the ALJ's further consideration of the evidence on remand may have an impact on the subsequent steps of the sequential analysis, grounds two and three are not addressed herein. *See Demenech v. Sec'y of Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address the claimant's remaining arguments due to the conclusions reached in remanding the action).

### The ALJ's Evaluation of Dr. Quartermaine's Medical Opinions

Plaintiff argues that the ALJ erred when he failed "to properly weigh the opinions of treating physician Dr. Samuel Quartermaine, given that the ALJ did not assess the consistency of those opinions with other medical evidence of record." (Dkt. 13 at 1, 16–19.) In response, the Commissioner contends that the ALJ properly

addressed the consistency factor, and further, that substantial evidence supports the ALJ's findings. (Dkt. 15 at 4–9.)

Plaintiff filed her application for benefits on March 27, 2020. (Tr. 24, 82, 103.) Effective March 27, 2017, the SSA implemented new regulations related to the evaluation of medical opinions. "Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, No. 2:18-cv-2379-MGL-MGB, 2020 WL 376995, at *4 n.2 (D.S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a), (c)(1)–(2)). While there are several factors the ALJ must consider, "[t]he most important factors" are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). The ALJ must therefore analyze whether the medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record. *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021

WL 1565832, at * 3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted,* 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

Here, the ALJ evaluated Dr. Quartermaine's opinions and determined that they were not persuasive. (Tr. 21–22.) For instance, in May 2021 Dr. Quartermaine completed a mental residual functional capacity assessment. (Tr. 1095–96.) According to the assessment, Dr. Quartermaine opined that Plaintiff would be "unable to perform for 90-100% of an 8 hour workday" for 15 out of 20 mental abilities and "unable to perform 66-89% of an 8 hour workday" for the remaining 5 mental abilities.[1] (Tr. 1095–96.) In addressing this opinion, the ALJ found:

> The mental residual functional capacity assessment submitted by Dr. Quartermaine in May 2021 is not persuasive (Ex. 19F). Specifically, the check box of "constant" for all mental health symptoms, indicating the claimant as incapable of performing any mental functioning activities for 90-100% of the workday, is not supported by any objective examination findings nor did the doctor articulate any rationale for the check box findings. Further, the degree of incapacity reflected in the assessment is grossly inconsistent with the doctor's treatment notes, frequently reporting the claimant's mental health conditions as "well controlled" both on medication and off. The assessment is therefore not reliable.

(Tr. 22.)

Upon review, the undersigned finds that the ALJ provided an insufficient rationale as to whether Dr. Quartermaine's opinions were consistent with the other evidence of record. While his consideration of this opinion appears to track the new

---

[1] Plaintiff correctly notes that the ALJ misstated these findings in his discussion evaluating Dr. Quartermaine's May 2021 mental RFC assessment. (Dkt. 13 at 18–19.)

regulations' requirements in that the ALJ discussed both supportability and consistency, his stated reasons for finding a lack of consistency are not supported by substantial evidence.  Specifically, in reaching the above conclusion, the ALJ does not cite to any other medical or nonmedical sources, but rather, notes that Dr. Quartermaine's "check box of 'constant' for all mental health symptoms . . . is not supported by objective examination findings."  (Tr. 22.)  It is unclear whether "objective examination findings" refers to Dr. Quartermaine's records only, or whether that portion refers to the remainder of the record, including other medical or nonmedical sources.  It appears that the ALJ's consideration of Dr. Quartermaine's opinions focuses only on how the physician articulated support for his own findings (*i.e.*, the supportability factor).  Therefore, absent an explanation from the ALJ as to how Dr. Quartermaine's opinions in the assessment are inconsistent with the other evidence of record, the undersigned cannot find the ALJ's decision supported by substantial evidence.  *See Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-1515-RBD-DCI, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020), *report and recommendation adopted,* 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020) ("[C]onclusory statements by the ALJ that an examining physician's opinion is inconsistent with the medical record 'are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.'  Otherwise, the Court is left to guess at which particular records the ALJ asserts support the ALJ's decision and, in doing so, impermissibly reweigh the evidence.") (quoting *Bell v. Colvin*, No. 3:15-cv-743-GMB, 2016 WL 6609187, at *4 (M.D. Ala. Nov. 7, 2016)); *see also Christine H. v.*

*Comm'r, Soc. Sec. Admin.*, No. 2:20-cv-165-JCF, 2021 WL 9666853, at *5 (N.D. Ga. Aug. 25, 2021) (reversing where the ALJ did not explain how the medical opinions were inconsistent with the medical evidence summarized in the record); *Michael v. Saul*, No. 2:20-cv-238, 2021 WL 1811736, at *11 (N.D. Ind. May 6, 2021) (explaining that "the ALJ cannot merely summarize the evidence, as a whole, and then conclude that [a doctor's] opinions are not consistent with the evidence as a whole").

To the extent the Commissioner argues that the ALJ's discussion of the opinion at issue relates to other providers (Dkt. 15 at 7), the undersigned cannot rely on the post-hoc rationalizations offered by the Commissioner on appeal. "To do so would necessarily require the undersigned to reweigh the evidence, which the undersigned declines to do." *Pierson*, 2020 WL 1957597, at *6 (citing *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011)). *See also Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) ("[The Court] cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

Therefore, because the ALJ did not address the consistency factor in accordance with controlling SSA regulations, the undersigned is unable to conduct a meaningful review. *See* 20 C.F.R. § 404.1520c(b)(2) (mandating that the Commissioner must "explain how [she] considered the . . . consistency factor[] for a medical source's medical opinions . . . in [the] decision"); *see also Mercado v. Comm'r of Soc. Sec.*, No. 6:22-cv-287-DCI, 2023 WL 145154, at *5 (M.D. Fla. Jan. 10, 2023) ("[T]he Court finds that the mere reference to the 'overall medical record' does not sufficiently

articulate how the consistency factor was considered and, therefore, remand of this matter is appropriate."); *Ferrer v. Comm'r of Soc. Sec.*, No. 6:20-cv-1465-RBD-LHP, ECF No. 29 (M.D. Fla. Nov. 24, 2021), *report and recommendation adopted,* ECF No. 30 (M.D. Fla. Dec. 13, 2021) (finding reversible error where the ALJ failed to adequately consider the consistency factor under the new SSA regulations). Accordingly, in the absence of meaningful consideration of Dr. Quartermaine's opinion, the undersigned cannot conclude that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards.[2] Thus, the undersigned recommends that this matter be remanded on this basis. Nevertheless, the undersigned will address Plaintiff's fourth ground for remand as it does not involve the ALJ's treatment of Dr. Quartermaine's opinions.

## Plaintiff's Absenteeism

In Plaintiff's fourth and final argument, Plaintiff contends that the ALJ erred by "failing to reflect the impact of Plaintiff's absences for medical appointments on her ability to perform full-time work." (Dkt. 13 at 27–29.) This contention, however, is without merit.

---

[2] In grounds two and three, Plaintiff contends that the ALJ erred in formulating Plaintiff's mental RFC and finding that Plaintiff could perform past relevant work. (Dkt. 13 at 19–27.) These contentions, however, relate to the ALJ's treatment of Dr. Quartermaine's medical opinions. *See* (*id.* at 25.) As such, in light of the undersigned's finding that the ALJ erred in his consideration of Dr. Quartermaine's medical opinions when formulating Plaintiff's RFC, the court cannot meaningfully review and conclude that substantial evidence supports the ALJ's findings related to grounds two and three. *See, e.g.*, *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (declining to address certain issues because they were likely to be reconsidered on remand).

The RFC is defined as the most a claimant "can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).  To determine a claimant's RFC, the ALJ makes an assessment based on all of the relevant evidence of record as to what the claimant can do in a work setting despite any physical, mental, or environmental limitations caused by the claimant's impairments and related symptoms such as pain. 20 C.F.R. § 404.1545(a)(1), (3).  In rendering this assessment, the ALJ considers evidence such as the claimant's medical history; medical signs and findings; medical source statements; effects of treatment, such as the frequency of treatment, duration, and disruption to routine; reports of daily activities; evidence from attempts to work; recorded observations; the effects of symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions.  Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *5 (S.S.A. 1996); *see also* 20 C.F.R. §§ 404.1529(c)(3)(i)–(vii), 404.1545(a)(3).

Additionally, the RFC assessment ordinarily is based on "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis," which is defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1.  Nevertheless, "whether the number of medical appointments affects her ability to work is not an appropriate consideration for assessing her residual functional capacity because that determination considers only the functional limitations and restrictions resulting from medically determinable impairments." *Cherkaoui v. Comm'r of Soc. Sec.*, 678 F. App'x

902, 904 (11th Cir. 2017) (citing SSR 96-8p).  Therefore, "the number of medical appointments a plaintiff attends is not a functional limitation caused by her impairments that would affect her physical or mental capabilities." *Battle v. Comm'r of Soc. Sec.*, No. 2:20-cv-96-NPM, 2021 WL 1207757, at *10 (M.D. Fla. Mar. 31, 2021) (citing *Cherkaoui*, 678 F. App'x at 904).

Here, the record reflects that the ALJ considered the effects of Plaintiff's treatment in conjunction with the other evidence of record.  The ALJ discussed all the medical treatment Plaintiff received prior to the date of the decision finding Plaintiff not disabled.  (Tr. 16–23.)  In doing so, the undersigned finds that the ALJ properly considered the length and nature of Plaintiff's treatment in accordance with the regulations.  Indeed, there is nothing in the ALJ's decision to indicate that he was unaware that the RFC assessment measures Plaintiff's capacity for work activity "on a regular and continuing basis."  20 C.F.R. § 404.1545(b),(c); SSR 96-8p (stating, in its first sentence, that "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.").  Moreover, as discussed above, absenteeism from work is not a medically determinable impairment, nor a functional limitation or a restriction that results from the impairment.  *See Cherkaoui*, 678 F. App'x at 904 (rejecting the argument that the number of medical appointments rendered the claimant disabled because medical appointments are not a functional limitation).  Therefore, although the undersigned is recommending reversal of the ALJ's decision,

the undersigned finds the ALJ did not err in failing to consider Plaintiff's absenteeism from work, as contemplated in SSR 96-8p.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The decision of the Commissioner be **REVERSED** and the case be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the recommendations set forth above; and

2. The Clerk of the Court be directed to enter judgment consistent with this Report and Recommendation.

**IT IS SO REPORTED** in Tampa, Florida, on May 3, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James S. Moody, Jr.
Counsel of Record