UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZETTE M. LENNON,

    Plaintiff,

v.                                                                                            Case No: 8:22-cv-1209-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# ORDER

Plaintiff moves the court for an award of fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Motion, Dkt. 20.) For the reasons set forth below, Plaintiff's Motion is granted.

## BACKGROUND

On May 25, 2022, Plaintiff filed a complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On May 18, 2023, the court entered an order reversing the decision of the Commissioner and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 218.) The Clerk of Court entered judgment in Plaintiff's favor on March 19, 2023. (Dkt. 19.) Plaintiff filed the instant Motion on August 1, 2023, as the prevailing party in this action. (Dkt. 20.) In

the Motion, Plaintiff seeks attorney's fees for work performed by attorneys Carol Avard and Craig Polhemus, filing costs, and paralegal fees. (*Id.*)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a sentence-four remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the

government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the court finds Plaintiff entitled to an award of attorney's fees and costs. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, the Commissioner does not dispute the timeliness of Plaintiff's Motion. Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

However, attorneys are only entitled to an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (emphasis in original; internal quotations omitted). Thus, fee applicants "must exercise what the Supreme Court has termed 'billing judgment'" and must "exclude from their fee applications 'excessive, redundant, or otherwise

unnecessary [hours].'" *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (alteration in original) (quoting *Hensley*, 461 U.S. at 434).

Here, the Commissioner does not oppose Plaintiff's request for $402 in costs. (Dkt. 21 at 1.)  However, the Commissioner asks the court to reduce the hours in Plaintiff's fee petition from 37.8 hours to 30 hours. (*Id.* at 2–3.)  The Commissioner argues that this Social Security case did not involve any novel or complex issue, that it is unusual to spend more than 30 hours on a Social Security case, and that Plaintiff's counsel is experienced in such cases and should thus be efficient at handling them. (*Id.*)

The administrative transcript in this case was approximately 1,600 pages. *See* (Dkt. 7.)  Courts in this district have granted attorney's fees for more hours than are requested here in cases with similar records. *E.g.*, *Xaymongkhonh v. Comm'r of Soc. Sec.*, No. 8:22-cv-352-DNF, 2023 WL 4107236 (M.D. Fla. June 21, 2023) (granting EAJA fees where counsel spent 48 hours on a case with a 1,669-page administrative transcript).  Moreover, although the case did not involve novel or complex issues, ample time was reasonably expended fully reviewing the administrative record and asserting persuasive arguments in Plaintiff's brief. *Id.* at *2 ("Although the issues raised were not novel or complex, the transcript was 1669 pages [] long with over 900 pages of medical records.  Even with Plaintiff's counsel['s] extensive experience in handling Social Security disability cases, the length of the transcript and the medical records justify additional time spent on the brief.").

Moreover, none of the common reasons for reducing attorney's fees in Social Security cases is present here. For example, Defendant cites *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, *2 n.1 (M.D. Fla. Nov. 8, 2013), for the proposition "that more than 30 hours is unusual to spend on a Social Security case." (Dkt. 21 at 3.) The reduction in attorney's fees in *Huntley* was partly because counsel had billed for clerical or administrative work and had failed to separate the billing into individual tasks. *Huntley*, 2013 WL 5970717, at *4. That is not the case here. A review of the itemized billing submitted by Plaintiff's counsel (Dkt. 20-1 at 17–19) shows individual, non-clerical tasks performed by licensed attorneys. Therefore, the court finds that 37.8 hours was a reasonable expenditure of time in this case.

Finally, Plaintiff requests that the fee award be paid directly to her attorney. (Dkt. 20 at 1.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff has assigned the EAJA award to her attorney, Carol Avard. (Dkt. 20-2.) Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff.

Accordingly:

1. Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Dkt. 20) is **GRANTED**.

2. Plaintiff is awarded $10,394.24 in attorney's fees and $402 in costs pursuant to the EAJA.

3. Fees are payable directly to Plaintiff's counsel if it is determined that Plaintiff does not owe a debt to the government.

**ORDERED** in Tampa, Florida, on September 8, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record